IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Dwayne Garvin, #12-10435,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Spartanburg County; James E. Hunter; Scott D. Robinson; Major Neal Urch; and Chuck Wright,<br><br>　　　　　　Defendants. | C/A No. 7:13-454-DCN-BHH<br><br><br>REPORT AND RECOMMENDATION |

John Dwayne Garvin ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a pretrial detainee at the Spartanburg County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint should be dismissed for failure to state a claim on which relief may be granted and immunity.

## Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court,

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that certain Defendants have violated his constitutional rights in connection with his pending criminal case. ECF No. 1 at 2–5. Specifically, he alleges he is currently being prosecuted by the Seventh Circuit Solicitor's Office, Assistant Solicitor James E. Hunter, in violation of double jeopardy. ECF No. 1 at 3. Further, Plaintiff alleges James Hunter violated his right to procedural due process by failing to ensure his presence at the initial appearance on September 27, 2012, preliminary hearing on October 25, 2012, and a second appearance on November 20, 2012. *Id.* Plaintiff alleges that his appointed attorney is Scott D. Robinson, who failed to file a motion for a bail bond hearing on his behalf and failed to represent him at the preliminary hearing. ECF No. 1 at 3–4. He alleges that Robinson's misconduct constitutes inadequate assistance of counsel. *Id.* Further, Plaintiff alleges that the Spartanburg County court wrongfully has denied his right to bail. ECF No. 1 at 4. He seeks release from prison "on his own personal recognizance" so that he may "retain his own adequate legal counsel." ECF No. 1 at 5. He also seeks damages for mental and emotional distress caused by the violation of his constitutional rights and for the time he has spent in the detention center. *Id.*

Plaintiff alleges that certain Defendants have violated his constitutional rights based on the prison conditions at the detention center, specifically the lack of a law library. ECF No. 1 at 2–5. He alleges that Neal Urch is the director of jail operations, and Chuck Wright

is the warden of the jail. ECF No. 1 at 2. He seems to allege that because there is no law library at the detention center he requested to use Spartanburg County's law library. ECF No. 1 at 4. He alleges he was told by letter that there is no law library at the court. *Id.* Based on these facts, he alleges that Spartanburg County courts and the Spartanburg County Detention Center have denied his right to access the courts in violation of the Constitution. *Id.* He seems to request an order by this court that Spartanburg County Detention Center must establish a law library. ECF No. 1 at 5.

## Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

This action is subject to dismissal because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See* S.C. Const. art. V, § 24; and S.C. Code Ann. § 1-7-310. Prosecutors, including defendant Hunter, have absolute immunity for activities performed

4

as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process.  *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341–45 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies.  *Id.*; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993).  Defendant Hunter's alleged wrongful conduct of pursuing a second criminal prosecution against Plaintiff certainly relates to the judicial phase of the criminal process. Also, his alleged misconduct of failing to ensure Plaintiff's presence at the initial appearance on September 27, 2012, preliminary hearing on October 25, 2012, and a second appearance on November 20, 2012, is intricately related to the State's prosecution of Plaintiff.  Therefore, defendant Hunter has absolute immunity from this suit.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Defendant Robinson is not subject to suit pursuant to 42 U.S.C. § 1983 because he has not acted under color of state law.  An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under § 1983.  *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *see also Vermont v. Brillon*, 129 S. Ct. 1283, 1291 (2009) (noting that assigned counsel, just as retained counsel, for a criminal defendant is not ordinarily considered a state actor).  Plaintiff alleges that Robinson is his appointed attorney in the

pending criminal proceedings. Therefore, Plaintiff fails to state a claim on which relief may be granted against him.

As to Plaintiff's claim that he wrongfully has been denied his right to bail, he seems to sue the Spartanburg County court for this alleged wrongdoing. Although Plaintiff may bring a § 1983 claim against Spartanburg County, he must allege that the county has a policy or custom that caused him injury. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 689 (1978) (municipalities and other local government bodies are "persons" within the meaning of § 1983, but plaintiff must identify a municipal "policy or custom" that caused plaintiff's injury. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged). Because Plaintiff has failed to allege a custom or policy with regard to his right to bail, he fails to state a claim on which relief may be granted against Spartanburg County.

Moreover, Plaintiff's claim that Spartanburg County, and, liberally construed, Neal Urch and Chuck Wright, have denied his right of access to the courts by failing to provide him a law library, fails to state a claim on which relief may be granted. There is no constitutional right to a law library or law books; the constitutional right is for meaningful access to the courts to bring challenges to sentences or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Giarratano v. Johnson*, 521 F.3d 298, 305 (4th Cir. 2008). Here, Plaintiff alleges that he has been represented by attorney Robinson during the time of his incarceration at the detention center. *See e.g., Lewis*, 518 U.S. at 351-52 (allegation that a law library is inadequate may not be a constitutional violation if a prisoner has access to legal advice). Also, it is well settled that to state a cognizable claim for denial of meaningful access to the courts a prisoner must allege specific actual injury

6

resulting from the alleged denial. *Id.* at 349-353 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded). In this case, Plaintiff does not allege any specific facts as to how his pending legal case, or any other legal matter, has been adversely affected due to his denial of access to legal materials, and, therefore, Plaintiff has failed to state a cognizable claim.

Finally, although Plaintiff seeks release on his own personal recognizance, release from prison is not available in this civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

s/Bruce Howe Hendricks
United States Magistrate Judge

March 13, 2013

Charleston, South Carolina

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).